IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,    )
                             )
                             )    CRIMINAL ACTION FILE
v.                           )
                             )    NUMBER 1:11-cr-53-TCB
RASHAAD WILSON,              )
                             )
         Defendant.          )

**O R D E R**

This case is currently before the Court on Magistrate Judge Clayton Scofield's Report and Recommendation (the "R&R") [146]. No objections to the R&R have been filed.

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982)).[1] This review may take different forms, however, depending on

---

[1] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that date by a Unit B panel of the former Fifth Circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982); *see also United States v. Schultz*, 565 F.3d 1353, 1361 n.4 (11th Cir. 2009) (discussing the continuing validity of *Nettles*).

whether there are objections to the R&R. The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C). In contrast, those portions of the R&R to which no objection is made need only be reviewed for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[2]

After conducting a complete and careful review of the R&R, the district judge may accept, reject or modify the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1)(C).

The Court has conducted a careful and complete review of the R&R and finds no clear error in its factual or legal conclusions. Therefore, the Court ADOPTS AS ITS ORDER the R&R [146]. Defendant Wilson's particularized motion to suppress evidence [110] is DENIED.

---

[2] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has held that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely applied a clear-error standard to both. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373-74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a plain-error standard, but questions of law remain subject to de novo review).

IT IS SO ORDERED this 19th day of March, 2013.

_____
Timothy C. Batten, Sr.
United States District Judge